IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDSEY KENT SPRINGER | § | |
| (BOP Register No. 02580-063), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:19-cv-1433-S-BN |
| | § | |
| M. UNDERWOOD, Warden, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Lindsey Kent Springer, a federal prisoner, brings *pro se* claims related to the conditions of his confinement at FCI Seagoville, an institution in this district. *See* Dkt. No. 3. His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

Although Springer characterizes this lawsuit as a habeas action under 28 U.S.C. § 2241, *see generally* Dkt. No. 3, and indicates that he has requested that his institution deduct from his trust account the $5 filing fee applicable to a habeas action, *see* Dkt. No. 4, this not a habeas action. Instead, Springer claims that certain conditions of his confinement at Seagoville – exposure to asbestos and mold – have violated his civil rights. *See, e.g.,* Dkt. No. 3 at 2 ("I am challenging in this Petition the way in which my sentence is being carried out at FCI Seagoville. My challenges are (i) the absolute refusal to provide me medical treatment for being exposed for extended

periods of time to both cancer causing asbestos and breath-taking mold while serving my sentence at Seagoville Federal Prison Camp, and (ii) both the rejection of my attempts at administrative resolution and subsequent denial of those attempts at administrative resolution involving my extended exposure to cancer causing asbestos and breath-taking mold while serving my sentence for being in violation of the Eighth Amendment's prohibition to Cruel and Unusual Punishment. I seek equitable relief in the form of an order for immediate medical attention due to my exposure to cancer causing asbestos and breath-taking mold and an order providing equitable relief finding I deserve and should receive a reduction in my sentence due to the extended period of Eighth Amendment violations."); *see also id.* at 9 (requesting that he be provided "5 days credit for every day of [his] exposure to cancer causing asbestos and breath-taking mold [totaling] 560 days or 2800 days [equaling] 93.3 months credit").

As to suits filed by prisoners, "[w]hich statutory vehicle to use depends on the nature of the claim and the type of relief requested, the instructive principle being that challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought[, for federal prisoners,] under *[Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)]." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) (footnote omitted).[1]

---

[1] *See also Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (per curiam) ("Where 'a prisoner challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody,' the proper vehicle is a civil rights action if a determination in the prisoner's favor will not

Springer's allegations – that exposure to asbestos and mold while incarcerated violated the Eighth Amendment – must be pursued under *Bivens*. And his request for "a reduction in [his] sentence due to the extended period of Eighth Amendment violations" does not convert his civil rights claims to habeas claims. *See Rios v. Commandant, U.S. Disciplinary Barracks*, 100 F. App'x 706, 708 (10th Cir. 2004) (per curiam) ("Here, Mr. Rios's allegations address the conditions of his confinement and thus should be raised in a civil rights action. Although in his prayer for relief Mr. Rios seeks a ten-day sentence credit for each day he has allegedly served improperly in maximum custody, he provides no support for his contention that he would be entitled to such relief if he prevailed on his substantive claims. ... In our view, a prisoner may not transform a civil rights action involving the conditions of his confinement into a § 2241 petition merely by seeking sentencing relief in a manner not connected to his substantive claims." (citing *Hadley v. Holmes*, 341 F.3d 661, 665 (7th Cir. 2003) ("If

---

automatically result in his accelerated release." (quoting *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997)); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) ("We hold that to the extent Tucker challenges the fact or duration of his confinement, the district court should have construed Tucker's complaint as a petition for habeas corpus under 28 U.S.C. § 2241. To the extent Tucker's complaint seeks damages for civil rights violations, his complaint is construed as a *Bivens* action." (citations and footnote omitted)); *Klein v. Chandler*, No. 4:13-cv-372-Y, 2013 WL 2634400, at *3 (N.D. Tex. June 11, 2013) ("As the United States Court of Appeals for the Fifth Circuit recently reiterated in noting that a federal prisoner's challenges to the conditions of her confinement should be raised in an action under *Bivens v. Six Unknown Named Agents*, '[a]llegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions.'" (quoting *Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007) (per curiam))).

successful, this claim has the potential to affect Hadley's duration of confinement, but that possibility is too attenuated from this proceeding to state a claim under § 2254."))).

The Court should therefore dismiss this habeas action without prejudice to Springer's refiling his claims under *Bivens*.

## Recommendation

The Court should dismiss this action without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 28, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE